IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Benjamin Lewis Anderson, ) | |
| ) | Civil Action No. 6:15-1114-MGL-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Davita Upstate Dialysis Center; ) | |
| Loma Linda University Medical Center, ) | |
| of the Adventist Health System, ) | |
| ) | |
| Defendants. ) | |

The plaintiff is a resident of Lancaster, South Carolina. The "lead" defendant is a dialysis center in Greenville, South Carolina. In the "party information" section of the complaint, the plaintiff lists a hospital in California as the second defendant (doc. 1 at 2).

The plaintiff discloses that he has a pending civil action against the dialysis center in the Court of Common Pleas for Greenville County: *Benjamin L. Anderson v. DaVita Upstate Dialysis Center*, Case No. 2014-CP-23-6070, which was filed on November 5, 2014. The Public Index database on the Greenville County Clerk of Court website (http://www.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx, last visited on March 10, 2015) indicates that Case No. 2014-CP-23-6070 is pending before the Court of Common Pleas for Greenville County. This court may take judicial notice of Case No. 2014-CP-23-6070. *See Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n.1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

The "STATEMENT OF CLAIM" portion of the complaint reveals that the plaintiff believes that the dialysis center has "treated him differently from those similarly situated" (doc. 1 at 3). The plaintiff also alleges that he "was subjected to a conspiratorial effort to deprive him of his civil rights, because several years ago he filed a Title VII discrimination suit on a major university medical center" (*id.*). The plaintiff states that employees of the dialysis center disparaged him, treated him differently, sexually harassed him, interfered with the privilege of health care benefit, intimidated him, and embarrassed him (*id.* at 3–4). In his prayer for relief, the plaintiff seeks a trial by jury, $170,000 as a "monetary" settlement, and "[a] fair and impartial opportunity to vindicate [the plaintiff's] rights and to bring closure to this long standing racial and religious vendetta" (*id.* at 5).

In a supplemental attachment to the complaint (doc. 1 at 6–8), the plaintiff states that he is raising claims of racial harassment, racial discrimination, retaliatory harassment, conspiracy to cause injury, interference with government-paid health care, and deprivation of civil rights "to support and discourage lawsuit against previous adversary and current coconspirator i.e. invasion of privacy by Loma Linda University Medical Center, Loma Linda California of The Adventist Health System" (*id.* at 8). Also appended to the complaint are copies of a state court complaint filed by the plaintiff in the Superior Court for the State of California in the County of San Bernardio on February 15, 1991, in *Benjamin L. Anderson v. Loma Linda Community Hospital, et al.*, Case No. 261723 (doc. 1-2); a copy of the plaintiff's appeal to the Supreme Court of California from the grant of summary judgment in that case (doc. 1-3); a copy of a declaration by the plaintiff dated December 20, 2013, wherein the plaintiff alleged that the Loma Linda University Medical Center was using "high-powered satellites including Telstar 6 to invade [his] privacy" and was using satellite microwaves to penetrate his body to cause "injuries to various organs, exhaustion, stress which interferes with daily life routines" (doc. 1-4).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

There is no basis for federal question jurisdiction in this case under 28 U.S.C. § 1331. The defendants, as private entities, have not acted under color of state law as required to be subject to liability for constitutional violations under 42 U.S.C. § 1983. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); and *Childress v. First Citizens Bank*, Civil Action No. 2:13-1010-SB, 2013 WL 3229687, at *4 (D.S.C. June 25, 2013). In any event, verbal harassment is not actionable under Section 1983. *Merriweather*, 586 F. Supp. 2d at 557 ("Moreover, the alleged verbal harassment, which is expressly alleged in the original complaint and alluded to in the amended complaint, does not constitute the violation of any federally protected right."). Emotional distress is also not actionable under Section 1983. *Id.* at 558–59.

The plaintiff has not pled sufficient facts to pursue an action under the Civil Rights Act of 1964. Title II of the Civil Rights Act of 1964 prohibits discrimination based on race, color, religion, or national origin in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation." 42 U.S.C. § 2000a(a). A private individual may only obtain injunctive

relief under Title II. In other words, Title II does not authorize a claim for money damages. 42 U.S.C. § 2000a–3; *see also Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401–02 (1968)). A plaintiff seeking injunctive relief based on an alleged past wrong must demonstrate a "real and immediate threat of repeated injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983). Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A private individual may sue to enforce Title VI only in instances of intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 281 (2001). The plaintiff states that the basis for the alleged conspiracy is his prior civil rights action against the Loma Linda Community Hospital more than twenty years ago (doc. 1 at 3–8). Prior litigation is not enumerated as a prohibited ground in 42 U.S.C. § 2000a(a) or in 42 U.S.C. § 2000d. As a result, to the extent the plaintiff has attempted to plead a claim under Title II or Title VI, he has failed to sufficiently do so.

The plaintiff also has not pled sufficient facts to pursue an action under 42 U.S.C. § 1985(3). A plaintiff raising a claim pursuant to 42 U.S.C. § 1985(3) must allege: *(1)* that some racial, or perhaps otherwise class-based, invidiously discriminatory animus is behind the conspirators' action; and *(2)* that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993). Secondly, generalized allegations of conspiracy are not sufficient to state a claim under Section 1985. *Patterson v. Goudelock*, Civil Action No. 3:10-cv-3019-MBS-BM, 2010 WL 6986140, at *3 (D.S.C. Dec. 16, 2010), *adopted by* 2011 WL 2672566 (D.S.C. June 30, 2011).

Furthermore, this federal court does not have diversity jurisdiction to consider any state law claims pursuant to South Carolina law, such as medical malpractice or the

4

tort of outrage, because the plaintiff and the "lead" defendant are citizens of South Carolina. *See* 28 U.S.C. § 1332.

The plaintiff's claims against the Loma Linda Medical Center, which was known as the Loma Linda Community Hospital during the plaintiff's prior litigation against it, are barred by res judicata. Although the decision of the United States District Court for the Central District of California in the plaintiff's Title VII suit against the Loma Linda Community Hospital (No. CV-90-1497-CBM) is not reported, the decision on appeal is available. *See Benjamin L. Anderson v. Loma Linda Cmty. Hosp.*, No. 91-56331, 1993 WL 210803 (9th Cir. June 16, 1993). In that case, the plaintiff also alleged discrimination, harassment, and use of satellite microwaves. 1993 WL 210803 at *1. In its opinion, the United States Court of Appeals for the Ninth Circuit held that the plaintiff's claims under Section 1985 were time-barred; the defendants, as religious employers, were "exempt" for religious discrimination; the district court did not err when it refused to reopen discovery; and the plaintiff had not established a prima facie case of racial discrimination or retaliation. 1993 WL 210803 at *2–3.

Res judicata bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes."), and *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) ("The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for '[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"). In light of the decision of the United States Court of Appeals for the Ninth Circuit on the plaintiff's employment-related

5

claims and on the plaintiff's claims relating to the hospital's alleged use of satellites and microwaves, the doctrine of res judicata precludes this federal district court from addressing those claims.  *See Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989) ("'[J]ustice is better served by attributing finality to judgments . . . than by second efforts at improved results.'").

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

March 11, 2015                                              s/Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).